## CAPERS *vs.* THE AUGUSTA, GIBSON AND SANDERSVILLE RAIL-ROAD.

The abandonment of an intention by a lease-holder to stop a railroad company by injunction from appropriating to its use the premises leased, even though the company was in possession, with the consent of the owner of the fee, and was proceeding to have the same condemned, under the provisions of its charter, to its use, the lease-holder being no party to such proceedings, and he, at the time of notifying the attorney of the company of his purpose not to institute a bill on the equity side of the court to obtain an injunction, also informing him that he would resort to an action of law to recover damages for the unwarrantable appropriation of the land, did not, in law and in fact, amount to a consent that the company might enter before ascertaining the value of his property thus appropriated and paying for the use of the same, and did not defeat the lease-holder's action to recover in that suit damages for the trespass.

(*a.*) There was manifest error in awarding a non-suit in this case. Judgment reversed.

January 12, 1886. (Head-notes by the court.)

HALL, Justice

[W. B. Capers brought an action of trespass against the Augusta, Gibson and Sandersville Railroad, alleging that the plaintiff held under lease a certain place in Richmond county, known as the Turpin place; that the defendant, without the consent of the plaintiff, had invaded his premises and taken possession of them for the purpose of constructing a road-bed, without tendering any sum as damages therefor, and refusing to enter into any agreement

Capers vs. The Augusta, Gibson and Sandersville Railroad.

recognizing the plaintiff's right thereto. The damage to the plaintiff was alleged to be three hundred dollars.

The possession in the plaintiff was admitted, as well as the fact that the defendant had entered, for the purpose, alleged, upon the premises.

F. W. Capers, Jr. (plaintiff's attorney) was sworn, and testified that a difference had arisen between the counsel for the defendant and himself as to the time when the defendant entered upon the premises of the plaintiff, and whether or not they had entered with his consent; that he had understood always the position of Major Gary (defendant's attorney) to have been that the defendant did not need his consent, that he had entered by the consent of the owners of the property, and that the plaintiff had no interest that he was called upon to consider.

" The facts were so distinctly remembered by him that he was willing to swear positively that the defendant had entered and was at work upon the road at the time that Major Gary and himself first discussed the matter.

He first thought of suing out an injunction, and for that purpose prepared a bill, a rough draft of which he had in his hand, in which were recited the same facts set out in the present complaint. He had carried the bill to Major Gary to show him what he proposed to do, but found the major absent, in attendance on Edgefield court, and left the paper with his nephew, Mr. Evans, with the request that he would call it to the attention of the major on his return. The major did not return for some days, and then came to his office, and they had together discussed the matter in a pleasant way. The major said I had no interest, he thought, that the road was called upon to condemn; said it was a young road, and I ought not to enjoin them; that he would suggest that, if I had any rights, I ought to assert them under the condemnation proceedings that he was about to institute to condemn the right-of-way, so far as the interests of the owners were concerned; and that then .

and there was the time for me to assert any rights I might have. I told the major I would not enjoin the road, but would bring a separate action.

The plaintiff then proved his damages and rested the case.

The defendant moved a non-suit. The court sustained the motion, on the ground " that while the defendant had failed to comply with the law, the plaintiff, by stating (through F. W. Capers) that he would not enjoin them, had consented to the entry, and could not recover." To this judgment the plaintiff excepted.]